## PERLEY PARKER *versus* WILLIAM HARDY.

Cumulative evidence is additional evidence of the same kind to the same point

In trover for a horse, the defendant introduced various evidence, but no confession of the plaintiff, to prove that the horse had been sold to the defendant by a person acting under the authority of the plaintiff. On a motion for a new trial, it was *held*, that newly discovered evidence of the confession of the plaintiff, that he had authorized the sale, was not cumulative, it being a new kind of evidence.

On a motion for a new trial on the ground of newly discovered testimony, the Court will hear evidence respecting the credibility of the witness.

TROVER for a horse. Trial before *Shaw* C. J.

Both parties claimed title under one Smart. In August 1832, Smart was indebted to the plaintiff, and the plaintiff procured a writ against him, and caused him to be arrested; and Smart agreed to give the plaintiff a bill of sale of the horse for his security. A bill of sale was given and the horse was delivered to the plaintiff, and the suit was settled.

Smart proposed to the plaintiff to permit him to take the horse to Cambridge, it being commencement day, in the expectation of selling him to raise the money. It was then agreed that they should put the horse into a gig, and go to Cambridge together; which they did. The general result of the evidence on this part of the case was, that there were a considerable number of persons on or about Cambridge common; that Hardy was there; that the horse was driven up and down by Smart, the plaintiff being sometimes in the gig with him, and sometimes another person; that in the course of a few hours Hardy made a bargain with Smart for the horse, but not having the money to pay for him, they, with some other of their acquaintances, not including the plaintiff, went to Dudley's tavern in Brighton; that Hardy borrowed the money of Dudley to pay for the horse, leaving him at Dudley's stable; and that two days after, he repaid the money and took the horse. It was in evidence, that Hardy kept the

horse several years, and that the plaintiff demanded the horse of Hardy, who refused to deliver him.

In regard to the sale at Cambridge, it was contended for the defendant, that it was made by Smart with the express or implied authority of the plaintiff, and whether Smart gave him the money or not, he was bound by the sale. On the contrary, it was contended by the plaintiff, that he gave no authority to Smart to sell the horse ; that the horse was got out of the presence and possession of the plaintiff by fraud and management on the part of Smart, and the defendant acquired no title by the unauthorized sale. The evidence turned merely upon the point, whether the plaintiff had actual or constructive notice of Smart's acts, and whether he expressly or tacitly sanctioned that sale.

The jury were instructed, that if from the evidence they believed that the plaintiff authorized Smart to sell and deliver the horse, Smart was his agent and he would be bound by his acts ; and that an authority to sell and deliver the horse without notice, implied an authority to receive the money ; but if the authority was merely to exhibit the horse and look out for a purchaser, and if the horse was got out of the plaintiff's possession and presence by fraud or stratagem, the sale made by Smart to Hardy was without authority and passed no title ; that if the horse was in the possession or under the control of Smart, and Parker stood by and saw Smart offer the horse as his own, without giving notice of his title, or any caution that Smart was not to deliver the horse or receive the money, the tacit acquiescence of the plaintiff in the sale thus made, would preclude him from setting up his title against such purchaser and would amount to a ratification of the sale.

A verdict was returned for the plaintiff ; which the defendant moved to set aside, on the ground of newly discovered evidence.

The new evidence was contained in the deposition of one Mallon, who testified that the plaintiff told him that he had authorized Smart to sell the horse.

At the hearing on the motion, the plaintiff offered depositions to prove that Mallon's reputation for veracity was bad.

Parker
*v.*
Hardy

*Jan. 18th,
1837, at
Boston.*

*Farley*, in support of the motion, cited *Gardner* v. *Mitchell*, 6 Pick. 114.

*Choate* and *Merriam*, *contrà*, cited to the point, that on this motion evidence was admissible to impeach the credit of the witness, *Williams* v. *Baldwin*, 18 Johns. R. 489 ; *Pomroy* v. *Columbian Ins. Co.* 2 Caines's R. 260 ; *Ames* v. *Howard*, 1 Sumner, 491 ; and to the point, that the newly discovered evidence was cumulative, and therefore not a ground for granting a new trial, *The People* v. *Superior Court of New York*, 10 Wendell, 289 ; *Alsop* v. *Commercial Ins. Co.* 1 Sumner, 475 ; *Pike* v. *Evans*, 15 Johns. R. 210 ; *Smith* v. *Brush*, 8 Johns. R. 65 ; *Vernon* v. *Hankey*, 2 T. R. 113 ; *Steinbach* v. *Columbian Ins. Co.* 2 Caines's R. 133 ; *Sawyer* v *Merrill*, 10 Pick. 18.

Jan. 21st,
1837, at
Boston.

MORTON J. delivered the opinion of the Court. The verdict of the jury was satisfactory to the judge who tried the case. No exceptions were taken to his instructions. But the defendant now alleges that he has discovered new and important evidence ; and for this cause asks the Court, in its discretion, to grant a new trial.

The defendant claimed the horse, which was the subject of the trial, by a sale from the plaintiff, by his agent. And the only important inquiry, on the trial, was whether one Smart, who assumed to act for the plaintiff, had any authority. The newly discovered witness will testify, that " *Parker told me he authorized Smart to sell the horse.*"

This certainly is to the point and important ; nor is it open to the objection that it is cumulative. Cumulative evidence is additional evidence of the same kind to the same point. *Sawyer* v. *Merrill*, 10 Pick. 18 ; *Smith* v. *Brush*, 8 Johns. R. 67 ; *Pike* v. *Evans*, 15 Johns. R. 213 ; *Sergeant* v. *Denniston*, 5 Cowen, 121 ; *The People* v. *Superior Court of New York*, 10 Wendell, 294. The point, which the defendant labored to establish was, that Smart had authority to sell the horse ; and he relied upon a variety of evidence to prove it. But he introduced no evidence of the plaintiff's confessions. This therefore is a new kind of evidence. And although it is additional to other evidence tending to prove the same position, yet it is not cumulative, because it is of a

different character, tending to establish the same general result by proof of a new and distinct fact. *Gardner* v. *Mitchell*, 6 Pick. 114 ; *Chatfield* v. *Lathrop*, ibid. 417.

It is however further objected that we ought not to grant a new trial to let in this new testimony, because the witness is of bad general character and not entitled to credit. Can we receive evidence against the witness ? If so, we must receive evidence in his favor, if offered, and go into a full trial of his character and credibility. This practice would be novel in this State. But if promotive of the ends of justice, we know of no reason why we should not adopt it.

If the evidence went to the competency of the witness, we should of course receive it ; for it would show that no new legal evidence was to be offered. And we are not bound to grant a new trial, merely because an individual will swear to some new fact. We must judge of the importance of the fact, and whether in connexion with the evidence already introduced, it will be likely to affect the final result. And why should we not also inquire into the credibility of the new witness ? The additional labor should be no objection, if it tend to promote justice. Neither the party nor the witness can reasonably complain of a collateral attack of the witness's character, which they are not prepared to repel. Both are in the same situation as if it were a trial on the merits, and have equal opportunity and are equally bound to be prepared to en counter any competent evidence which may be offered. This practice has prevailed, and been found to be convenient and useful, in other States. *Pomroy* v. *Columbian Ins. Co.* 2 Caines's R. 260 ; *The People* v. *Superior Court of New York*, 10 Wendell, 288 ; *Ames* v. *Howard*, 1 Sumner, 491. See Graham on New Trials, 7.

This motion is addressed to the discretion of the Court. A very learned and wise English judge says, " Such applications should be cautiously admitted, as it would be a great inlet of perjury." *Vernon* v. *Hankey*, 2 T. R. 120. The former trial was full and satisfactory ; the evidence now offered is in itself of a suspicious character and comes under suspicious circumstances ; and the witness is shown not to be credible. To grant a new trial therefore would, in our opinion, open a

Parker
v.
Hardy.

door for the introduction of perjury, would unnecessarily give the party an opportunity to take a chance with another jury, would increase the expenses of litigation, and might possibly endanger the justice of the case.

*Judgment on verdict.*